IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT CHARLES HOPES, Jr.,

    Plaintiff,

v.

LT. MASH, et al.,

    Defendants.                                  Case No. 08-cv-713-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

        Before the Court is Plaintiff's Emergency Motion for Intervention and a Preliminary Injunction (part of Doc. 33). Plaintiff is proceeding on a *Bivens*-type claim arising from his former confinement at USP-Marion. He alleges that excessive force was used against him on July 27, 2006. Plaintiff challenges aspects of his current confinement at ADX-Florence. He seeks an order directing non-parties to cease conduct deemed to be retaliatory. In particular, Plaintiff claims that his legal property was confiscated on April 1, 2009, without adequate justification, before a sharpened piece of plastic was supposedly found in his cell. He also states he does not have access to his personal and legal property, explaining that the person responsible for processing his request has taken seven days off work. In sum, Plaintiff believes he is being unjustly deprived of his personal and legal property, including pencils, paper, legal materials, clean clothing, a mattress, cleaning supplies, linens, and hygienic items. He suggests that his concerns could be referred

for multidistrict litigation in the District Court of Colorado.

To prevail on his Motion, Plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) lack of an adequate remedy at law; and (3) irreparable harm if the injunction is not granted. ***Foodcomm Int'l v. Barry*, 328 F.3d 300, 303 (7th Cir. 2003)**. If plaintiff meets the first three requirements, the Court applies a sliding scale analysis to balance the relative harm that could be caused to the Parties or the public interest. ***Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006)**. Injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary. **18 U.S.C. § 3626(a)(2)**.

The materials submitted do not suggest that Defendants work at ADX-Florence or make decisions regarding Plaintiff's access to his personal or legal property at that facility. Thus, the Court is not persuaded that this litigation is the appropriate vehicle to resolve Plaintiff's concerns regarding recent decisions made by non-parties at a facility in Colorado. Obviously, as evidenced by the instant Motion, Plaintiff does have access to writing materials and postal services. If Plaintiff's current conditions of confinement interfere with his efforts to meet pretrial deadlines, he should be able to prepare and file a simple Motion asking for additional time.

Moreover, Plaintiff has not established that he has a likelihood of success on the merits regarding his excessive force claim. Also, Plaintiff has an adequate remedy at law. If he feels he is exposed to unlawful conditions at ADX-

Florence, he may pursue administrative remedies with prison officials at ADX-Florence using grievance forms. If those efforts are not successful, he may then file a tort claim or civil rights suit against the particular officers involved.

For these reasons, Plaintiff's Emergency Motion for a Preliminary Injunction (Doc. 33) must be **DENIED**.

**IT IS SO ORDERED**.

Signed this 27th day of April, 2009.

/s/ *David R Herndon*

**Chief Judge**
**United States District Court**