IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT CHARLES HOPES, Jr.,

    Plaintiff,

v.

LT. MASH, C/O LEWIS, WEEKS and
W. BOAZ,

    Defendants.                                Case No. 08-cv-713-DRH

**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is a Report and Recommendation ("R&R") (Doc. 75), issued by United States Magistrate Judge Philip M. Frazier, pursuant to **28 U.S.C § 636(b)(1)(B)**, recommending that the Motion for Summary Judgment (Doc. 36), filed by defendants Mash, Weeks, and Boaz be granted and further recommending that Plaintiff's claim against defendant Lewis be dismissed for want of prosecution.

The R&R was sent to the Parties, with a notice informing them of their right to appeal by way of filing "objections" within fourteen days of service of the R&R. Plaintiff has filed timely objections thereto (Doc. 76). Accordingly, this Court

must undertake *de novo* review of the objected-to portions of the R&R. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 73.1(b);** ***Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject, or modify the recommended decision." ***Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues for which specific objection has been made. *Id*. However, the Court need not conduct a *de novo* review of the findings of the R&R for which no objections have been made. ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985)**. Instead, the Court can simply adopt these findings.

## II. Background

Plaintiff is an inmate who has brought a civil rights suit against Defendants pursuant to **42 U.S.C. § 1983**, alleging the intentional use of excessive force in violation of the Eighth Amendment. Specifically, Plaintiff alleges that on July 27, 2006, while incarcerated at the United States Penitentiary in Marion, Illinois ("USP Marion"), he was assaulted by Correctional Officers Weeks and Boaz while Correctional Officers Mash and Lewis looked on without intervening to stop the assault. The following day, Plaintiff was transferred to the Administrative Maximum Institution in Florence, Colorado ("USP Florence").

Defendants Mash, Weeks and Boaz[1] ("Defendants") have moved for

---

[1] Plaintiff has yet to effect service on defendant Lewis (*see* Doc. 23).

summary judgment based on the affirmative defense that Plaintiff has failed to properly exhaust his administrative remedies prior to bringing this suit (Doc. 36). Plaintiff has filed an opposing Response (Doc. 62).[2] In support of their Motion, Defendants argue that there is nothing on record to show that Plaintiff filed a grievance concerning the alleged July 27, 2006 assault. In contrast, Defendants note their record of Plaintiff's 36 filed grievances from July 28, 2006 – the day after the alleged assault occurred – and the date he filed this lawsuit, February 5, 2007, none of which describe the July 27, 2006 incident.

Plaintiff, in his opposing Response, submits his own sworn affidavit testimony to contest Defendants' assertions regarding the issue of administrative exhaustion (Doc. 62, Ex. A). Plaintiff avers that he did, in fact, file a grievance regarding the alleged July 27, 2006 assault, but that he filed it after the 20-day deadline because he was repeatedly denied the requested grievance paperwork by his correctional counselor, Richard Madison and other USP Florence staff. Additionally,

---

[2] The R&R outlined the administrative remedy procedure available to Bureau of Prisons ("BOP") inmates:
> The Bureau of Prisons has established an administrative remedy procedure through which an inmate may seek formal review of a complaint relating to any aspect of his confinement. *See* 28 C.F.R. § 542.10 *et seq*. Inmates are encouraged to first resolve their complaints informally (BP-8). *See* 28 C.F.R. § 542.13. If informal resolution is insufficient, the inmate may file a formal complaint with the warden within 20 days of the date on which the basis of the complaint occurred (BP-9). 28 C.F.R. § 542.14. The warden then has 20 days in which to respond to the inmate's complaint. If the inmate is not satisfied with the warden's response, he may appeal the response to the Regional Office (BP-10). The Regional Office then has 30 days to answer the claim. He may file a final appeal with the Central Office in Washington, D.C., if the inmate wants to challenge the Regional Office's response (BP-11). The Central Office has 40 days in which to respond. 28 C.F.R. § 542.18. After this final appeal, the administrative process is exhausted.

(Doc. 75, pp. 3-4.)

Plaintiff explained that the reason he did not have his own copy of said grievance was because he claims that USP Florence staff allowed another inmate by the name of A. Twitty to enter his cell and destroy his personal effects, including his copy of the grievance regarding the alleged July 27, 2006 assault.

After considering the Parties' arguments, the Court found a hearing was necessary to determine the issue of administrative exhaustion, in accordance with **Pavey v. Conley, 544 F.3d 739 (7th Cir. 2008)**. The following were material factual disputes regarding the issue of exhaustion to be resolved at the hearing: (1) whether Plaintiff actually filed a grievance concerning the alleged assault of July 27, 2006; (2) whether Plaintiff was denied the grievance forms he requested from his counselor during his first 20 days at USP Florence; and (3) whether Plaintiff's copy of his grievance form describing the alleged July 27, 2006 assault was destroyed by another inmate allowed in Plaintiff's cell (*see* Doc. 75, p. 5). The Magistrate conducted a *Pavey* hearing on July 23, 2010 (Doc. 74), in which both sides had the opportunity to present testimony and other evidence.

In contrast to his sworn affidavit testimony, during the *Pavey* hearing, Plaintiff testified that he did, in fact, fill out the grievance (a BP-9 form) concerning the alleged July 27, 2006 assault in a timely manner but that either correctional counselor Haygood neglected to file the grievance or that a BOP employee failed to enter the grievance form into its records database upon receipt. In addition, Plaintiff testified that he also requested and submitted an appeals form for the Regional Office (BP-10) and thereafter for the Central Office (BP-11) regarding the alleged July 27,

2006 assault, but never got a response from any level.  Plaintiff then testified that after receiving no response from the Central Office for his BP-11, he submitted a second grievance form (BP-9), because he realized he had not received a receipt acknowledging that his previous alleged grievance forms were filed.  Plaintiff also conceded that his second BP-9 form was not timely submitted in that it was filed around 26 days after the alleged July 27, 2006 assault.  Because of its untimeliness, Plaintiff testified that he received a rejection notice from BOP.  It is the copy of this second BP-9 grievance form which Plaintiff claims he had in his cell and was destroyed by another inmate, which is why he was unable to produce it as evidence.  Plaintiff further testified that a copy of this second BP-9 grievance form was sent to his court-appointed attorney.  Plaintiff also testified that the reason he had failed to previously disclose to Defendants the fact that he had submitted BP-10 and BP-11 grievance appeal forms regarding the July 27, 2006 assault was "because he merely forgot about these previous filings" (Doc. 75, p. 6).

Correctional counselor Haygood testified during the *Pavey* hearing that he could not recall Plaintiff ever giving him either a BP-9, BP-10 or BP-11 form, but if he was given these forms, he would not have refused to file them.  Correctional counselor Madison also testified during the hearing, stating that inmates at USP Florence were not allowed to enter other inmates' cells.  Madison also testified that he could not recall a time where Plaintiff ever complaint to him that another inmate had destroyed his legal documents kept in his cell.  Also testifying on Defendants' behalf at the *Pavey* hearing was a BOP attorney, Paul Pepper.  Pepper testified that

all submitted inmate grievance forms, whether BP-9. BP-10 or BP-11, are entered into an electronic database by a BOP administrative remedy clerk, regardless of whether the grievance is accepted or rejected, to establish a complete record of inmate filings. Regarding Plaintiff's claimed grievance submitted describing the alleged July 27, 2006 assault, Pepper testified that the BOP database showed no record of Plaintiff ever submitting this grievance.

### III. Discussion

**A. Summary Judgment**

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c);** ***Oats v. Discovery Zone*, 116 F.3d 1161, 1165 (7th Cir. 1997) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986))**. The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. ***Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997) (citing *Celotex*, 477 U.S. at 323)**. In reviewing a summary judgment motion, this Court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. ***Celex Group, Inc. v. Executive Gallery, Inc.*, 877 F. Supp. 1114, 1124 (N.D. Ill. 1995)**. This Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the nonmovant. ***Regensburger v. China Adoption Consultants, Ltd.*, 138 F.3d 1201, 1205 (7th Cir. 1998)**

(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

In response to a motion for summary judgment, the nonmovant may not simply rest on the allegations in the pleadings; rather, it must be shown through specific evidence that an issue of fact remains on matters for which he bears the burden of proof at trial. *Walker v. Shansky*, 28 F.3d 666, 670-71 (7th Cir. 1994), *aff'd*, 51 F.3d 276 (citing *Celotex*, 477 U.S. at 324). No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *accord Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996); *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994). In other words, "inferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009) (citation omitted); *see also Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]."). Instead, the non-moving party must present "definite, competent evidence to rebut the [summary judgment] motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000) (citation omitted).

B.   Administrative Exhaustion

Plaintiff is an inmate in BOP custody. The BOP's administrative remedy procedure is set forth in the Code of Federal Regulations at **28 C.F.R. §§ 542-10 - 542.18**. (*See* note 2, *supra*.) Plaintiff's status as an inmate subjects his claims to the provisions of the Prisoner Litigation Reform Act ("PLRA"). That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such *administrative remedies as are available are exhausted*." **42 U.S.C. § 1997e(a) (emphasis added)**. This exhaustion requirement is applicable to both state and federal inmates. **See Porter v. Nussle, 534 U.S. 516, 524 (2002)**. The burden of proof on the issue of exhaustion lies with Defendants. **Westefer v. Snyder, 422 F.3d 570, 577 (7th Cir 2005)**.

The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. **Doe v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (noting "[t]his circuit has taken a strict compliance approach to exhaustion.")**. In addition, exhaustion must occur before the suit is filed. **Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004)**. "Plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending." *Id.* Finally, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." **Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2005); see also Pavey, 544 F.3d at 741 ("Until the issue of exhaustion is**

**resolved, the court cannot know whether it is to decide the case or the prison authorities are to.")**.

C.  Analysis

    1.    **The R&R**

The R&R found Plaintiff's testimony given during the *Pavey* hearing to be "incredibly unreliable, and directly contradictory to his previously sworn testimony, as well as that of other witnesses called . . ." (Doc. 75, p. 7). The following was conflicting evidence noted by the R&R:

- Plaintiff's sworn affidavit testimony that he could not timely submit a grievance form concerning the alleged July 27, 2006 assault because correctional counselor Madison denied him the requested forms directly conflicted with his testimony given during the *Pavey* hearing in which he testified that he did timely submit a BP-9 form to BOP personnel but then it never got filed due to their failure to file it or enter the form into the BOP database; Plaintiff testified he then submitted a second BP-9 grievance, after the 20-day window, of which he had a copy.

- Plaintiff's hearing testimony that his second BP-9 form was also sent to his appointed attorney conflicted with the fact that his attorney, if he did have the copy, had failed to supplement discovery production to Defendants pursuant to Federal Rule of Civil Procedure 26(e).

- All of Plaintiff's testimony regarding filing the grievance directly conflicts with the evidence produced by Defendants showed record of 36 grievances filed by Plaintiff between July 28, 2006 and February 2, 2007 (including one dated just 19 days after the alleged assault), but did not show Plaintiff ever filed a grievance regarding the July 27, 2006 assault.

- Lastly, Plaintiff's testimony that his second copy of the BP-9 form was destroyed by another inmate let into Plaintiff's cell by USP Florence correctional officers. This directly conflicts with Madison's hearing testimony that inmates at USP Florence are not allowed to enter other

inmates' cells.

2.  **Plaintiff's R&R Objections**

Plaintiff objects to the R&R's overall recommendation to grant summary judgment in favor of defendants Mash, Weeks and Boaz. In particular, Plaintiff believes that his evidence, although conflicting with Defendants', indicates that he did thoroughly exhaust his administrative remedies before filing suit concerning the alleged July 27, 2006 assault (Doc. 76, p. 2). In other words, Plaintiff believes that there remain genuine issues of material fact concerning the issue of administrative exhaustion which should prevent summary judgment, such as whether Plaintiff submitted the grievance forms to Haygood for filing and whether Haygood ever filed those forms. The fact that the BOP has no electronic record of such a grievance form should not be seen as conclusive evidence against him, given Plaintiff's contradictory testimony which therefore creates another question of material fact as to the accuracy of BOP's record-keeping/data entry (*Id*. at 4). Plaintiff believes that these genuine issues of material fact remain and conclusively indicate that Defendants have not met their burden to show they are entitled to summary judgment on this issue. Regarding the R&R's recommended finding that defendant Lewis should be dismissed for want of prosecution, Plaintiff has stated no objection and thus concedes on the merits, so the Court will adopt this finding without review.

Essentially, Plaintiff's objections focus around whether the Court can, in deciding the issue of administrative exhaustion, make credibility determinations in order to resolve certain disputes of material fact. If the answer is yes, then

because the R&R gave little weight to Plaintiff's testimony (affidavit and hearing), there remain no disputes of material fact to preclude summary judgment. The Court believes that *Pavey* itself provides the authority for resolution of factual disputes by a court regarding the issue of administrative exhaustion, if a hearing on the matter is conducted, where the Court has the opportunity to hear witness testimony and consider submitted evidence, in order to make such credibility determinations. In *Pavey*, the Seventh Circuit held that the affirmative defense that an inmate plaintiff first exhaust his administrative remedies prior to filing suit in court is one which should be resolved by the courts, not juries, as "not every factual issue that arises in the court of a litigation is triable to a jury as a matter of right . . . ." **Pavey, 544 .3d at 741 (administrative exhaustion is an issue for the court to resolve at the initial stages of the proceedings much like issues regarding subject matter jurisdiction, personal jurisdiction, proper venue or whether to exercise supplemental jurisdiction; even if these issues ultimately turn on factual disputes, they are to be resolved by the court and not the jury)**.

In this case, the Magistrate conducted a *Pavey* evidentiary hearing in order to resolve whether Plaintiff exhausted his administrative remedies. The Magistrate was, therefore, in the best position to access witness credibility. As stated previously, the R&R found Plaintiff's hearing testimony to be "incredibly unreliable" and directly in conflict with his sworn affidavit testimony attached to his Response to Defendant's Motion for Summary Judgment. It also noted that in light of BOP's

Case 3:08-cv-00713-DRH   Document 77   Filed 08/31/10   Page 12 of 13   Page ID #287

record of Plaintiff's other 36 grievances filed between the day after his alleged July 27, 2006 assault and the date of filing this suit, the fact that these grievances were for less extreme offenses than an assault, the fact that there is no record for Plaintiff's grievance concerning the alleged July 27, 2006 assault did not bode well in Plaintiff's favor.  The R&R was "unable to reasonably infer that the BOP neglected to record Plaintiff's first and second alleged BP-9's, as well as his alleged BP-10 and BP-11, which he testified he attempted to submit regarding the alleged July 27, 2006 assault  (Doc. 75, p. 7).

Also due to conflicting witnesses testimony and the fact that the Magistrate found Plaintiff's credibility in question, the R&R also could not "reasonably infer that another inmate was allowed in Plaintiff's cell, at which point Plaintiff's first BP-9 form was allegedly destroyed" (*Id*. at 8).  Lastly, the R&R observed that if Plaintiff's appointed attorney *had*, in fact, received a copy of Plaintiff's second BP-9 grievance form, he would have been in violation of Rule 26(e) for his failure to supplement discovery.  Thus, the R&R could not "reasonably infer that Plaintiff ever filled out a first or second BP-9 form, a BP-10 form, or a BP-11 form" (*Id*.).

The Court accepts the Magistrate's credibility determinations as sound and therefore, the resolution of the factual disputes are also sound.  As such, there remain no genuine issues of material fact in dispute which would preclude summary judgment.  The Court reminds Plaintiff of his obligation, as non-movant, that he must provide "definite, *competent* evidence to rebut the [summary judgment]

motion." ***EEOC*, 233 F.3d at 437 (emphasis added)**.  In this instance, Plaintiff's evidence was not competent in that it was not credible.

## IV. Conclusion

For the reasons discussed herein, the Court **OVERRULES** Plaintiff's Objections to the R&R (Doc. 76), and **ADOPTS** the R&R (Doc. 75).  Accordingly, Defendants' Motion for Summary Judgment (Doc. 36) is **GRANTED** in favor of defendants Mash, Weeks and Boaz.  Further, Plaintiff's claim against defendant Lewis is hereby **DISMISSED WITH PREJUDICE** for want of prosecution.  The case file shall be closed, and the Clerk directed to enter judgment.

**IT IS SO ORDERED**.

Signed this 31st day of August, 2010.

/s/     David R Herndon

**Chief Judge
United States District Court**